KAREN REYES,
on behalf of herself and a class,

    Plaintiff,

        v.

COLE TAYLOR BANK,

    Defendant.

No. 10-CV-2181
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

I. BACKGROUND

     Karen Reyes withdrew cash from the Cole Taylor Bank ATM located at 4400 Oakton Street in Skokie, IL on April 21, 2010. When she did so, there was a notice on the side of the machine indicating that Cole Taylor would assess a $2.00 fee for cash withdrawals from non-customers. In fact, at the time of the withdrawal, Cole Taylor was charging $2.50. In addition to the external notice, there was an on-screen, electronic notice of a fee, which included a specified amount. Plaintiff does not recall what amount the on-screen, electronic fee notice indicated, though she agreed to pay the fee by pressing the appropriate tab or button. She then withdrew her cash and was charged the higher amount. At some point she realized she had been charged $2.50 and not $2.00, as the external fee notice indicated. She took a picture of the external notice.

     Cole Taylor had raised the rate from $2.00 to $2.50 in early 2009. When they did so, they updated the external notice on all of their ATMs. The notices were in the form of stickers affixed to the machines. The new, updated fee notices indicated only the fact that a fee would be

charged; they provided no specific fee amount.  Lori Tolentino, the Teller Supervisor at the 4400 Oakton branch of Cole Taylor, updated the external fee notice at that location when the fee increase took place.  Lori Tolentino affixed the notice - a sticker - on top of the outdated notice.  This was the same method employed at the other Cole Taylor ATMs.

Cole Taylor's policy is to conduct quarterly checks of its ATMs.[1]  The last quarterly check performed on the 4400 Oakton ATM was November 5, 2009.  Ms. Tolentino conducted that check, and her uncontested testimony is that she would have noticed if the updated notice sticker were missing at that time.  The Banking Center Manager at the 4400 Oakton branch, Joanne Sabath, specifically observed the updated fee notice in September of 2009.

The 4400 Oakton ATM was inspected again on March 13, 2010.  The inspector noted that the signage was "cracked" and there was "damage."  Plaintiff's April 1 picture of the external notice shows a crack.  Uncontested testimony and affidavits state that the update fee sticker was "removed."

After receiving indications that the 4400 Oakton ATM had an outdated fee notice, Cole Taylor conducted a full inventory of all of its ATMs.  The inventory showed that only the 4400 Oakton ATM had an outdated sticker.  On May 28, 2010, the updated fee notice (the one showing no amount), was reapplied.  At some point all of the updated fee notice stickers were replaced with more rigid placards explaining that fees would be charged.

---

[1]The fact of quarterly checks is undisputed, but there is a dispute as to exactly what is required to be done as part of the checks.

II. STANDARD OF REVIEW

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a). "In other words, the record must reveal that no reasonable jury could find for the nonmoving party."  *Keri v. Bd. of Trs. of Purdue Univ.,* 458 F.3d 620, 627 (7th Cir. 2006) (quotation omitted).  Provided reasonable fact discovery has taken place, Rule 56 requires the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.  *Id.* at 323.  Once a properly supported motion for summary judgment is made, the nonmoving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *Keri*, 458 F.3d at 628.  Instead, it must come forward with specific facts showing that there is a genuine issue for trial; raising some metaphysical doubt as to the material facts is not enough.  *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  Conclusory allegations and argument, if not supported by the record, will not preclude summary judgment.  *Haywood v. N. Am. Van Lines, Inc.*, 121 F.3d 1066, 1071 (7th Cir. 1997))

III. DISCUSSION

The ATM Fee Reform Act of 1999 (the "Act") addresses fee disclosures on automated teller machines. ATM Fee Reform Act, Pub. L. No. 106-102 § 702, 113 Stat. 1338, 1463 (1999). The Act requires two broad types of notice regarding ATM fees: "(i) the fact that a fee is imposed by [an ATM] operator for providing the service; and (ii) the amount of any such fee." 15 U.S.C. § 1693b(d)(3)(A). The statute goes on to specify the notice requirements as follows:

> (i) On the machine.--The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

> (ii) On the screen.--The notice required under clauses (i) and (ii) of subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction, except that during the period beginning on the date of the enactment of the Gramm-Leach-Bliley Act and ending on December 31, 2004, this clause shall not apply to any automated teller machine that lacks the technical capability to disclose the notice on the screen or to issue a paper notice after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction.

*Id.* at § 1693b(d)(3)(B). Civil liability for failure to meet these requirements attaches under the Act; actual damages, statutory damages, costs, and reasonable attorney's fees are available. *Id.* at § 1693m(a).

Plaintiff here argues that Cole Taylor is liable because the 4400 Oakton ATM did not have proper "on the machine," or external, notice. Cole Taylor responds with a few arguments. First, they argue that because the external notice only requires that the "fact that a fee is imposed," the old, erroneous notice at 4400 Oakton meets this standard, regardless of the fact that the actual fee charged was higher. The old notice mentioned a fee, and that's all the Act

requires "on the machine," say Defendants. Cole Taylor's second argument is that, even if

liability could attach on these facts, they are immune from liability under the "Unintentional

violations; bona fide error" exception provided for in the Act.[2] Finally, Cole Taylor argues that

Plaintiff could not establish any actual damages even if Cole Taylor were found to be liable.

I find that the undisputed facts show that Cole Taylor has established an affirmative defense. As

a result, I need not make a determination about Cole Taylor's first or third arguments.

Cole Taylor is not liable because the undisputed facts show that Cole Taylor is protected

from liability under the "exception for damaged notices" provision of the Act. Section 1693h

states that:

> If the ["on the machine" notice] has been posted by such operator in compliance
> with such section and the notice is subsequently removed, damaged, or altered by
> any person other than the operator of the automated teller machine, the operator
> shall have no liability under this section for failure to comply with section
> 1693b(d)(3)(B)(i) of this title.

15 U.S.C. §1693h(d).[3]

---

[2]"Except as provided in section 1693h of this title, a person may not be held liable in any
action brought under this section for a violation of this subchapter if the person shows by a
preponderance of evidence that the violation was not intentional and resulted from a bona fide
error notwithstanding the maintenance of procedures reasonably adapted to avoid any such
error." 15 U.S.C. § 1693m(c).

[3]I have raised this particular defense *sua sponte*. It is not error to do so when two
affirmative defenses are closely related and no prejudice results to a plaintiff. *See Coleman v.
Ramada Hotel Operating Co.*, 933 F.2d 470, 476 (7th Cir. 1991). Here, though Defendant urges
the "bona fide error" defense, the clear thrust of their argument is not that they made a mistake,
but that the fee notice was removed. That's § 1693(h)d, not § 1693m(c). *See generally id.*
(allowing *sua sponte* consideration of related defenses when defendants make a "technical
misstep"). The prejudice to be considered largely centers on the factual development of the case,
i.e. the matters sought in discovery. *See id.* Regarding discovery, all facts and circumstances
regarding the loss of the updated notice have been duly discovered. I partially granted Plaintiff's
motion for additional discovery and additional time to respond to Defendant's motion - whatever
is going to be found has been found. [Cont'd]

Here, it is undisputed that Defendant had posted a proper fee notice. The proper notice was in place from at least early 2009, when the fee increase took place, until September 2009, when Joanne Sabath specifically recalls having seen the updated notice in place. For a § 1693h defense, that leaves only the question of how the updated notice came to be absent from the machine, exposing the outdated $2.00 notice.

So how did the sticker come off? Plaintiff's theory, unsupported by any evidence, is that "the new notice fell off." Plaintiff uses this assumption as a jumping off point to explain how Defendant's procedures for affixing and checking up on the notices was inadequate, in reference to Defendant's § 1693m defense. Other than being unsupported by any evidence, what evidence is on offer points in the direction of a third party's deliberate removal. Testimony and photographic evidence shows the placard underneath the sticker was "cracked" and "damaged." Moreover, it is undisputed that when Cole Taylor conducted its audit of all of its ATMs, the only ATM found to have lost its updated notice sticker was the 4400 Oakton ATM. Given that Cole Taylor affixed the same sticker in the same manner to its other ATMs, surely another one of them would have had the sticker fall off, if indeed that was the culprit. Regardless, Defendant offers

---

Nevertheless, raising such a defense *sua sponte* is inherently discretionary. I choose to exercise my discretion here because the parties are expending considerable resources following a rainbow the end of which has no pot of gold. This is because even a hypothetical victory for Plaintiff would still only trigger an award governed by § 1693m(b), and on the undisputed facts of this case, the factors to be considered by the court all favor Defendant. *See* 15 U.S.C. § 1693m(b). The factors to be considered in an individual action include "the frequency and persistence of noncompliance, the nature of such noncompliance, and the extent to which the noncompliance was intentional;" a class action adds "the number of persons adversely affected." *Id.* To the extent this lawsuit is about policing corporate conduct, that noble aim has long since been accomplished.

actual evidence that the sticker was removed, while Plaintiff offers only speculation that the sticker fell off.

Given that the undisputed evidence establishes that the sticker was deliberately removed by someone, Defendant still must establish that it was removed "by any person other than" Cole Taylor. *See* 15 U.S.C. § 1693h(d). What few district courts have faced this question have differed with respect to their requirements of proof. *See, e.g., Drager v. Bridgeview Bank & Meirtran*, 2011 U.S. Dist. LEXIS 62861, at  (N.D. Ill. June 13, 2011) (in ruling on judgment on the pleadings, affidavit stating that notice must have been removed was insufficient and discovery was warranted to explore other theories, including whether sticker was removed by "rogue employee"); *Boecherer v. Burling Bank*, 2009 U.S. Dist. LEXIS 111983, at \*13-\*19 (N.D. Ill. Dec. 1, 2009) (affidavit that sticker was removed by third party insufficient in light of defendant bank's admission that sticker had fallen off in the past); *Piontek v. Penn. Sec. Bank & Trust Co.,* 2011 U.S. Dist. LEXIS 27967, at \*8 - \*11 (M.D. Pa. Jan 13, 2011) (affidavit of security professional concluding that third party must have removed sticker sufficient for summary judgment).

Here, though it is never explicitly stated that a third party removed the sticker, that is the obvious thrust of a sworn deponent's and affiant's descriptions of what happened. Plaintiff has admitted the following statement of material fact: "After Plaintiff filed this lawsuit, Cole Taylor inventoried all of its ATMs, it [sic] discovered that the updated notice *had been removed* from the Oakton ATM." Pl's Amended St. Of Materal Facts at ¶ 25 (emphasis added). That statement was based on the following testimony from Defendant's 30(b)(6) deponent, Joanne Sabath:

Q: When Cole Taylor did an inventory of its ATMs, what did it find at the 4400

Oakton Street drive-up ATM?

A: It found that the sticker had been removed.

Q: The sticker was removed.

A: Um-hum, yes.

While not explicitly referencing a third party, the clear implication of the 30(b)(6)

deponent saying that Cole Taylor "found that the sticker had been removed" is that it was not

Cole Taylor, but a third party, who did the removing.  This determination is undisputed by

anything other than Plaintiff's supposition that the sticker had been removed.  In such

circumstances, a determination in favor of third party removal is warranted.  *See Piontek*, 2011

U.S. Dist. LEXIS, at *8-*11.

IV.  CONCLUSION

The sum total of undisputed facts in this case shows that Defendant is shielded from

liability under the "Exception for damaged notices" provision of the ATM Fee Reform Act.  *See*

15 U.S.C. § 1693h(d).  Therefore, summary judgment is GRANTED for Defendant Cole Taylor

Bank.


ENTER:

_James B. Zagel_
James B. Zagel
United States District Judge

DATE:  August 22, 2011